Ladies and gentlemen, the first case for argument is Wang v. Lynch. Mr. Li, Mr. Li, I'm sorry. Good morning, Your Honor, San Mate Police Court. My name is Xiaoyu Li on behalf of the petitioner. The immigration judge and the Board of Immigration Appeals erred in denying the petitioner's assignment of relief. There are two issues of contention before this court. First, the immigration judge based his adverse credibility finding entirely on two medical terms, the Norpe device and the tubal ligation. During the course of the testimony, the petitioner used the word tubal ligation, misused the word tubal ligation. However, when asked to explain the procedure his wife went through, he testified, I'll quote, a birth control device was implanted in his wife's upper arm, which is exactly the definition of a Norpe device. So we can see that he just misused the word, but he doesn't really mean it. Ms. Li, this was all done in – it was through translation, correct? Yes. And the correct – the translator also had mistaken vasectomy for tubal ligation or vice versa, correct? Exactly. I've got to say, that was fairly troubling. What language was Mr. Wang testifying in? Mandarin Chinese. Mandarin, okay. So – Can you – do you happen to know Mandarin and can you shed any light on this translation problem? I know Mandarin. I think it's both two characters in Chinese. So the last character is ligation. But the first character, Wang, is mentioning something like a skin and – or something like a tubal. But I'm not arguing here that it's a translation issue because we can see that the petitioner consistently testified that his wife just went through a temporary birth control device. And in the immigration judge's decision, he said that since tubal ligation is not a colloquial term, so that the petitioner has to understand the meaning before using it. However, it's a false assumption that an ordinary person would not use a technical term that he did not understand. Let's go back to records. The interpreter first interprets as vasectomy. As we all know, it's a procedure performed only on males. And then when questioned by the court, the interpreter changes the translation from vasectomy to tubal ligation. So it's very common for a person, even for a court-appointed interpreter, to translate the word wrong. So the petitioner cannot be punished by using a wrong word. I mean, it should not be fatal to his credibility finding. That is the reason we should reverse this case to a lower court. It was a problem initially with vasectomy applying to both male and female, right? I'm sorry? Vasectomy applying both to male and female? Only on males. Only on males. Yes. So it's very easy for a common person to misuse a medical term. So the petitioner should not be punished for it. Let's turn to the question of whether the petitioner was persecuted on a protected ground. Because the government attorney argues that opposing a temporary birth control device does not rise to the level of persecution. However, opposing sterilization does. I don't think that's in the law because the law remains in question. But let's see, the petitioner actually was threatened with sterilization. When the Chinese government first came to their house, they threatened both the petitioner and his wife with sterilization, not with a temporary birth control device. And if we deny the petitioner's relief just because he had a better outcome, I mean, we can't speculate as to why the Chinese government in the end decided to just give the petitioner's wife a birth control device. However, initially he physically and verbally resisted a sterilization procedure. If we deny his relief just based on that, it's like telling the future asylum applicants, go ahead and resist, but please don't resist too hard. Because if you are successful and have a better outcome, then we'll deny your asylum. So therefore, we ask this court to reverse the immigration judge and the BIA's decision. Ms. Li, could I ask you something about timing here? As I understand it here, the incident of persecution here occurred back in 2000, correct? Yes. Fifteen years ago, and nine years before Mr. Wang left China. Yes. Does that passage of time make any difference in terms of the risk of persecution he faces? No, because even in the 2012 country report, the Chinese government still made threat of sterilization to its citizens. So I don't think it make any difference. Thank you. Okay. Thank you, Ms. Li. Mr. Stanton? May I please the court, John Stanton for the Attorney General. So this is not a case about sterilization or abortion or forced planning policies in China. Those are all collateral issues to this matter. This is a case about an applicant for asylum that did not meet his burden of showing credible proof to support his claims before the immigration judge. So this court has repeatedly noted when Congress passed the Real ID Act in 2005, Congress was particularly concerned about courts of appeals reversing adverse credibility determinations made by immigration judges. As a result, judicial review of adverse credibility determination is very limited and may only be done in extraordinary circumstances. But is there any doubt that he was resisting what he thought to be a Chinese population policy? He said that in his testimony, Your Honor. He did not say that in his asylum application. If I could direct Your Honor's attention to page 364, his letter in support of his asylum application. He said he was only resisting his wife's sterilization procedure. Well, what was he doing, do you think? According to his testimony, which by the way, because of the adverse credibility finding, these are not facts. These are just allegations. So he says he got into a fight with the Chinese family planning officials when they came to perform the sterilization procedure. According to his paper, he said just on the wife, according to his testimony, it was neither or proposition. So the immigration judge did not quite know what to believe. So that's what he says. So, I mean, but. She didn't make any credibility finding with regard to that? I'm sorry, could you repeat that, Your Honor? She made no credibility finding with regard to the injuries that he purportedly sustained? That is correct, although there is an adverse credibility finding here. I was only responding to Judge Lepofsky's question. But the immigration judge did indeed make an adverse credibility finding with respect to whether or not his wife was actually sterilized. And my understanding is that the members of this panel have extensive experience in presiding over trials. I mean, so sometimes witnesses, they're not credible for whatever reason. They fudge, they mistake, they exaggerate. What do you think he was doing when he had this fight with the police? I'm sorry? What do you think he was doing? Why did he have this fight with the police? According to his testimony, he was trying to resist what he thought was a sterilization procedure. But that's just not what was actually happening. Yes, but he could be resisting the policy even if he misunderstood whether a particular act was part of population policy or not, right? And isn't that all you need for asylum? That you be resisting a country's policy of abortion or sterilization? You could do that, Your Honor. I'm not aware of any board precedent or attorney general precedent or precedent from any court where you could be found to be persecuting by getting the facts materially wrong. The statutory phrase is coercive population control program. Yes, that's right. Would you say that involuntary temporary birth control qualifies as coercive population control? I mean, the board has spoken on that with respect to the person who is undergoing the coercive planning herself. The attorney general has held that the spouse can be found to have asylum on the side of persecution in the case of forced abortion or sterilization. I'm not aware of any precedent that actually has gone out of the way. My question is not about precedent. It's just about the statutory language. The question is resistance to a coercive population control program. Okay. I would agree that that would be a fair reading of the statute, but that's just not what he argued to the immigration judge. I mean, if I could direct Your Honor's attention to page 327, his statement to the immigration judge, he's focusing directly on sterilization. So he's citing the board precedent. I'm sorry, the attorney general precedent. Talking about the spouse of a person who had been physically subducted to a forced sterilization procedure may still qualify as refugee due to a well-founded future persecution for resistance to a coercive population control program. So he's talking about sterilization, and that's just not what the case was here. Yes, but Judge Hamilton has raised an important question, and that is whether population policy to which one might resist and seek asylum could involve interference with people's decisions about when to have children without actually involving permanent sterilization. In theory. What if China said, well, we don't want any women having children until they're 40 years old, right? That would be under the... Right, so that would clearly be population... Well, how is this different? Under the board precedents, I mean, the less... Wait, how is this different? How is this different? Yes, the NOR plant or whatever, this temporarily making a woman infertile. This temporarily making a woman infertile, yes, but under the board precedent, that's not enough. I don't understand you. How can it not be enough? How can that not be enough? Yeah. Well, under the board precedent, the less odious the procedure... Skip board precedent. Talk about the statute. All right, okay, yes. All right, so I would concede that he could have made a colorable claim that opposing a permanent coercive population control under the terms of the actual statute, it could have been colorable. It could have been like a much closer call had he actually got his back straight in this particular case. Well, what do you think he was... I don't understand. What do you think he was doing? What do I think he was doing? Well, I mean, what I think he was doing, I mean, if I wanted to be cynical about it, I mean, I know this court has admonished our office before for going beyond what the board held, so the clerk can please indulge me a little bit. Like, I'll stop if you want me to. Yeah, go ahead. But if I had to be cynical, this was a man who stated he didn't have a lot of money and didn't have a lot of time. The fastest way to get his asylum application granted was to go under the facts of the Attorney General's precedent under JS that he was resisting a sterilization procedure. But as you said, you agreed that the immigration judge hadn't questioned his credibility when he said he had this fight with the police. That was over this fertility issue, whether it was temporary or permanent, right? It's still a fertility issue. They don't want his wife to have a child. And he gets angry about that. Yes. He doesn't like the idea of the government telling you when you can have children or how many children you can have. Well, why isn't that resisting the government's population policy? Why is that not resisting the government's policy? He probably, if he had made that actual argument to the immigration judge, it might have been a closer call than what actually happened here. So your argument is that when he said he was resisting sterilization, he waived any argument that it was, in fact, just a temporary population control mechanism. I would argue that, yes. He did not present that argument to the immigration judge. It was focused on sterilization. If you read his closing argument to the immigration judge, it was sterilization. It doesn't matter. He made a mistake. I'm sorry. He made clear in his testimony he was talking about a temporary implant, the Norplant implant. What he thought was sterilization, yes. It was used to be sterilization over and over again. Counsel, so is the immigration judge supposed to keep on blinders and say, well, you've been talking about sterilization and you haven't been talking about temporary birth control, so I'm not going to consider your argument under precisely the same sentence in the statute? Well, I mean, the immigration judge has to find under the statute that the applicant has met his burden with credible proof. And the immigration judge, I suppose, probably could have said, okay, this is what you said. It's wrong. This is what you really meant. But the immigration judge chose not to do so here. The immigration judge, I mean, did cut Mr. Wang the proverbial break when he allowed Mr. Wang to file his application for asylum past the timely deadline. This was not a heartless immigration judge. I mean, he understood the power that he had. And he was there. He observed Mr. Wang. And he read the testimony. And he's aware of the age issue. I mean, Your Honor asked whether or not it matters about the passage of time since there. Did he ask? Did he ask? Wang, do you just care about sterilization in the sense of permanent infertility? Or do you also care about these temporary infertility drugs? Or maybe you're worried that they won't let her remove the Norplant ever or something like that, which of course would amount to sterilization. I do not believe that the immigration judge asked that particular question. Well, isn't that rather critical? Well, I mean, you still run into the problem of whether or not the applicant set forth credible proof. And, again, should this court decide to remand for further procedures, he'll still – well, I guess that's beyond, like, what the board actually held. So, I mean, so I believe – Okay. Well, thank you, Mr. Stanton. All right. So, Ms. Lee, do you have anything further? Yes, I'll just emphasize on the credibility issue because the petitioner testified consistently throughout the testimony, and he offered a corroborative evidence, which shows that it's a temporary birth control device. He should not be – I mean, the immigration judge should not base his credibility finding entirely on the technical word. Was there a question about whether the government would allow her to remove her door plant? I think, based on the record, he testified that they will not allow her to remove that because she already had a child. So that – So that that would amount actually to permanent infertility? Yes. And it's not an issue here because he suffered physical harm, beaten by the police, because he – the Chinese government made a credible threat of sterilization, not a threat of a birth control device. So – At the time – excuse me, but at the time this fight occurred, did he or did his wife know whether the authorities intended permanent sterilization or a door plant device? Permanent sterilization, that's a credible threat that the Chinese government made. And we can't speculate as to why, in the end, his wife was only given a birth control device. Could you comment, Ms. Li, on this argument that Mr. Wang waived this argument based on the population control program because he was not specific enough in his arguments to the immigration judge? That's – I understood the government to be arguing that, well, perhaps he could have argued under the terms of the statute that this was a – that he was resisting a coercive population control program short of sterilization, but that he didn't make that argument to the immigration judge. We – I think because in this case, he was resisting the sterilization, and it's one of the policy in coercive population control program. So – You see it all as part of the same – all part of one policy that he was resisting? Yes. Okay. And also in the BIA's brief, they raised the issue of right foot and left foot issue. They said that the petitioner says his right foot was injured during the interview. However, the immigration judge never raised that issue in court and not in his decision, so we should not consider it here. If there is a fact issue here, that's another reason to remand this case back to a lower court. So since every argument the immigration judge argued is rebutted, this case should be remanded. Well, didn't the immigration judge say that he was ineligible for asylum because he did not resist his wife's forced abortion or sterilization? I'm sorry? Wasn't that a finding by the immigration judge? No, the immigration judge – Yes. He argued that because it's not a forced abortion or sterilization, then he says it remains in question because having abortion or sterilization is persecution. However, having a temporary birth control device is not. But opposing a birth control device and suffer physical harm because of that remains in question. But here the petitioner actually resisted sterilization, not just a birth control device. But the finding was contrary to that. He said he did not resist because of those. I think that's an error. There's a legal error, as I understand your position, that the resistance does not have to be to abortion or sterilization. It can also be to other aspects of the coercive population control program. Right? Yes. Okay. Well, thank you very much to both counselors.